# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT L. CHISM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:07CV26 AGF |
| | ) | |
| M.S. BARRETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Robert Chism for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are M.S. Barrett (Police Officer, Moberly Police Department), M.C. Hollins (Corporal, Moberly Police Department), Stone Grissom (Assistant Prosecuting Attorney), Mike Fusselman (Prosecutor), Scott Hayes (Judge), Jenean Thompson (Public Defender), Leecia D. Carnes (same), Stephanie Roberts (same), and Sonya Faiella (Judge). The complaint seeks monetary relief.

Plaintiff alleges that defendant Barrett arrested him and "made false claim as to charging [him]." Plaintiff alleges that each of the other defendants "knowingly conspired" against him.

## Discussion

The complaint is frivolous because it is wholly conclusory and fails to allege any facts, which if proved, would entitle plaintiff to relief.

The complaint is frivolous as to defendants Grissom, Fusselman, Hayes, and Faiella because these defendants are entitled to absolute immunity. <u>Penn v. United States</u>, 335 F.3d 786, 789 (8th Cir. 2003) (judicial immunity); <u>Brodnicki v. City of Omaha</u>, 75 F.3d 1261, 1266 (8th Cir. 1996) (prosecutorial immunity).

The complaint is frivolous as to defendants Thompson, Carnes, and Roberts because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981).

Finally, it appears from the exhibits attached to the complaint that plaintiff's arrest by defendant Barrett resulted in a conviction. For plaintiff to recover money damages for allegedly unconstitutional conviction or imprisonment he must first show that the conviction has been reversed or that habeas relief has been granted in his favor. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (U.S. 1994). Plaintiff has made no such showing. As a result, plaintiff's claims appear to be <u>Heck</u>-barred.

For each of these reasons, plaintiff's complaint will be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

So Ordered this 16th Day of October, 2007.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE